UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES S. EBERHARDT II, as Durable Power of Attorney for Donald S. Prophete,<br><br>Plaintiff,<br><br>vs.<br><br>CHEYENNE RIDGE OUTFITTERS & LODGE, INC., a South Dakota corporation, and HIGH ADVENTURE COMPANY, a Georgia limited liability company,<br><br>Defendants. | 4:22-cv-_____4169_____<br><br>**COMPLAINT AND DEMAND FOR TRIAL BY JURY** |

Plaintiff Charles S. Eberhardt II, as Durable Power of Attorney for Donald S. Prophete, brings this action against the Defendant and shows the Court as follows:

**PARTIES**

1. Plaintiff Charles S. Eberhardt II was appointed as the Durable Power of Attorney for Donald S. Prophete on February 17, 2022. Donald Prophete, a resident of Kansas City, KS, was injured as a result of a shooting incident which occurred on October 28, 2021, in Sully County, South Dakota.

2. Upon information and belief, Defendant Cheyenne Ridge Outfitters & Lodge, Inc. (hereinafter "Cheyenne Ridge Outfitters") is a corporation duly organized and existing under the laws of the State of South Dakota, with its principal place of business in the State of South Dakota.

3. Upon information and belief, Cheyenne Ridge Outfitters owns "The Signature Lodge by Cheyenne Ridge Outfitters," which is billed on the website

1

"highadventurecompany.com" as "the premier pheasant hunting operation in the country[.]" The same website advertises "[f]ully guided hunts with professional guides and well-trained flushing dogs."

4. Upon information and belief, Defendant High Adventure Company is a Georgia limited liability company with its principal place of business in the State of Georgia. Upon information and belief, High Adventure Company operates the pheasant hunting outfitters business provided at the Signature Lodge in South Dakota.

5. According to the highadventurecompany.com website, "the Signature Lodge is operated by High Adventure Company." Those seeking information about hunting at the Signature Lodge are told to contact High Adventure Company by phone at its Atlanta office in Acworth, Georgia, or through the email address info@highadventurecompany.com.

## JURISDICTION AND VENUE

6. This Honorable Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. There is complete diversity among the parties to this action and the amount in controversy exceeds the sum of $75,000.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

## FACTS

8. On or about October 21, 2021, Mr. Prophete, a business invitee of the Defendants, was pheasant hunting with a group of individuals on the Signature Lodge shooting preserve in Sully County, South Dakota.

9. The hunters were being led by guides from the preserve across a food plot of corn that was approximately five feet high. The field was approximately 25-30 yards wide with rows planted in an east-to-west direction.

10. The hunters were told how to line up and were not in a straight line, and Mr. Prophete was ahead of the group as instructed by the Defendants.

11. A bird was flushed by the walkers and another hunter shot while Mr. Prophete was in the line of fire, which resulted in Mr. Prophete being shot in the face, eye and upper torso.

12. As a direct and proximate result of the manner of the hunting and shooting, Mr. Prophete sustained serious injuries and trauma, including, but not limited to, serious and disabling personal injuries which required medical treatment, including surgery, the loss of an eye, pellets in his brain and lungs and lengthy rehabilitation. Additionally, he has experienced pain and suffering, disability, emotional distress, loss of enjoyment of the capacity of life, past and future medical costs and expenses, lost wages, and other general and special damages.

## COUNT I
### Negligence Against
### Defendant Cheyenne Ridge Outfitters

13. Plaintiff realleges paragraphs 1-12 and all previous paragraphs of this Complaint and hereby incorporates them by reference as if fully set forth herein.

14. Defendant Cheyenne Ridge Outfitters owed a duty of care to Mr. Prophete, who was a customer and business invitee, to exercise ordinary care and awareness in the operation, management, maintenance and control of its preserve, including, but not limited

to, supervising its business invitees in a safe and reasonable manner and establish and/or follow proper and safe hunting policies and procedures to protect the safety of its customers and business invitees.

15. At the time of the incident, Defendant Cheyenne Ridge Outfitters negligently and carelessly departed from the proper standard of care which was a proximate cause of the incident. Defendant Cheyenne Ridge Outfitters breached its duties owed to Mr. Prophete in several respects, including, but not limited to:

    (a) Failing to properly supervise and instruct its customers and business invitees;

    (b) Failing to establish and/or follow hunting policies to protect the safety of its customers and business invitees; and

    (c) Otherwise generally failing to protect its customers and business invitees in a safe and prudent manner.

16. As a direct and proximate result of the negligence of Defendant Cheyenne Ridge Outfitters, Mr. Prophete sustained serious injuries and trauma, including, but not limited to, serious and disabling personal injuries which required medical treatment, including surgery, the loss of an eye, pellets in his brain and lungs and lengthy rehabilitation. Additionally, and as a direct and proximate result of such conduct, Mr. Prophete has experienced past, present and future pain and suffering, disability, emotional distress, loss of enjoyment of the capacity of life, past and future medical costs and expenses, lost wages, and other general and special damages.

## COUNT II
### Gross & Reckless Negligence against
### Defendant Cheyenne Ridge Outfitters

17. Plaintiff realleges paragraphs 1-16 and all previous paragraphs of this Complaint and hereby incorporates them by reference as if fully set forth herein.

18. The conduct of Defendant Cheyenne Ridge Outfitters described herein constituted gross negligence and was reckless, wanton, oppressive and in reckless disregard of the rights and safety of Mr. Prophete.

19. Defendant Cheyenne Ridge Outfitters recklessly, wantonly, and oppressively violated clear and standard safety practices for safely hunting pheasants in reckless disregard for the rights and safety of Mr. Prophete. Its acts and/or omissions created a substantial probability of serious harm.

20. Defendant Cheyenne Ridge Outfitters' gross negligence and reckless, wanton, and oppressive conduct done in reckless disregard of the rights and safety of Mr. Prophete proximately caused and resulted in substantial and serious injuries and trauma, damages, and other detriment to him, including, but not limited to, serious and disabling personal injuries which required medical treatment, including surgery, the loss of an eye, pellets in his brain and lungs and lengthy rehabilitation. Additionally, and as a direct and proximate result of such conduct, Mr. Prophete has experienced past, present and future pain and suffering, disability, emotional distress, loss of enjoyment of the capacity of life, past and future medical costs and expenses, lost wages, and other general and special damages.

## COUNT III
### Negligence Against
### Defendant High Adventure Company

21. Plaintiff realleges paragraphs 1-20 and all previous paragraphs of this Complaint and hereby incorporates them by reference as if fully set forth herein.

22. Defendant High Adventure Company owed a duty of care to Mr. Prophete, who was a customer and business invitee, to exercise ordinary care and awareness in the operation, management, maintenance and control of the Signature Lodge, including, but not limited to, supervising its customers and business invitees in a safe and reasonable manner and establish and/or follow proper and safe hunting policies and procedures to protect the safety of its business invitees.

23. At the time of the incident, Defendant High Adventure Company negligently and carelessly departed from the proper standard of care which proximately caused the incident. Defendant High Adventure Company breached its duties owed to Mr. Prophete in several respects, including, but not limited to:

   (a) Failing to properly supervise and instruct its customers and business invitees;

   (b) Failing to establish and/or follow hunting policies to protect the safety of its customers and business invitees; and

   (c) Otherwise generally failing to protect its customers and business invitees in a safe and prudent manner.

24. As a direct and proximate result of the negligence of Defendant High Adventure Company, Mr. Prophete sustained serious injuries and trauma, including, but not limited to, serious and disabling personal injuries which required medical treatment, including surgery, the loss of an eye, pellets in his brain and lungs and lengthy rehabilitation.

Additionally, and as a direct and proximate result of such conduct, Mr. Prophete has experienced past, present and future pain and suffering, disability, emotional distress, loss of enjoyment of the capacity of life, past and future medical costs and expenses, lost wages, and other general and special damages.

## COUNT IV
### Gross & Reckless Negligence against Defendant High Adventure Company

25. Plaintiff realleges paragraphs 1-24 and all previous paragraphs of this Complaint and hereby incorporates them by reference as if fully set forth herein.

26. The conduct of Defendant High Adventure Company described herein constituted gross negligence and was reckless, wanton, oppressive and in reckless disregard of the rights and safety of Mr. Prophete.

27. Defendant High Adventure Company recklessly, wantonly, and oppressively violated clear and standard safety practices for safely hunting pheasants in reckless disregard for the rights and safety of Mr. Prophete  Its acts and/or omissions created a substantial probability of serious harm.

28. Defendant High Adventure Company's gross negligence and reckless, wanton, and oppressive conduct done in reckless disregard of the rights and safety of Mr. Prophete proximately caused and resulted in substantial and serious injuries and trauma, damages, and other detriment to him, including, but not limited to, serious and disabling personal injuries which required medical treatment, including surgery, the loss of an eye, pellets in his brain and lungs and lengthy rehabilitation. Additionally, and as a direct and proximate result of such conduct, Mr. Prophete has experienced past, present and future pain and suffering,

disability, emotional distress, loss of enjoyment of the capacity of life, past and future medical costs and expenses, lost wages, and other general and special damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against the Defendants as follows:

(1) For Mr. Prophete's compensatory, general, and special damages in an amount as the jury deems just and equitable under the circumstances and commensurate with Mr. Prophete's losses as sustained herein;

(2) For punitive damages as allowable under South Dakota law, including SDCL 21-3-2 and *Flockhart v. Wyant*, 467 N.W.2d 473 (S.D. 1991).

(3) For Plaintiff's costs and disbursements, including attorney's fees;

(4) For pre-judgment and post-judgment interest; and

(5) For any other and further relief that the Court or jury deems just and proper under the circumstances.

Dated this 6th day of December, 2022.

JOHNSON, JANKLOW,
ABDALLAH & REITER, L.L.P.

BY _____
Steven M. Johnson (steve@janklowabdallah.com)
Ronald A. Parsons, Jr. (ron@janklowabdallah.com)
P.O. Box 2348
Sioux Falls, SD 57101-2348
(605) 338-4304

**EDWARDS & CULVER** (*to be admitted PHV*)
Cliff Edwards (cliff@edwardslawfirm.org)
1648 Poly Drive, Suite 206
Billings, MT 59102
(406) 256-8155

*Attorneys for the Plaintiff*

8

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands trial by jury on all issues so triable.

_____
Steven M. Johnson
Ronald A. Parsons, Jr.

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Charles S. Eberhardt II, as Durable Power of Attorney for Donald S. Prophete

**(b)** County of Residence of First Listed Plaintiff: Wyandotte (KS)
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Steven M. Johnson, Johnson, Janklow, Abdallah & Reiter, L.L.P., P.O. Box 2348, Sioux Falls, SD 57101-2348 (605-338-4304)

## DEFENDANTS
Cheyenne Ridge Outfitters & Lodge, Inc., a South Dakota corporation, and High Adventure Company, a Georgia limited liability company

County of Residence of First Listed Defendant: Hughes (SD)
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332 / 28 U.S.C. § 1391(a)
Brief description of cause:
Negligence resulting in personal injuries

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 12/06/2022
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 06/17)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.